## Cas No. 9,733.

### The MONTGOMERY.

[See Case No. 17,120.]

## Case No. 9,734.

### The MONTGOMERY v. The BETSEY.

[1 Gall. 416.] [1]

Circuit Court, D. Massachusetts. May Term, 1813.

APPEAL—ABANDONMENT BY APPELLANT—AFFIRMATION—PRIZE CASE.

If, in a prize cause, the claimant appeal and desert his appeal, the circuit court may affirm the decree of the district court, with costs.

[Cited in U. S. v. Haynes, Case No. 15,335; U. S. v. Certain Hogsheads of Molasses, Id. 14,766; U. S. v. The Glamorgan, Id. 15,214; Folger v. The Robert G. Shaw, Id. 4,899.]

See The Elizabeth, 1 Hagg. Adm. 226; The San Juan Nepomuerno, 1 Hagg. Adm. 267.

[This was a libel by the privateer Montgomery (Holton J. Breed, commander) against the schooner Betsey (William Young, late master).]

On trial of this cause in the district court on a prize allegation, one George Moreton claimed $500, part of the cargo of the said schooner, as his property; and after a full hearing, the judge rejected the claim and decreed the same money good and lawful prize to the captors, from which decree the claimant interposed an appeal to this court, and, having failed to enter or prosecute his appeal, Pitman, Jun., for the captors, by petition, prayed the court to affirm the decree of the court below, with costs.

Cummings, Sprague, and Pitman, for captors.

STORY. Circuit Justice. As by the 21st section of the judiciary act of 24th September, 1789, c. 20 [1 Stat. 83], appeals from the district court must be prosecuted at the next circuit court held after pronouncing the decree, it is clear that this appeal must be pronounced to be deserted. The only question is whether the principal cause shall be remitted to the district court for final proceedings, or the de-

---

[1] [Reported by John Gallison, Esq.]

.cree shall be affirmed in this court. On examination of the authorities and consideration of the peculiar organization of this court, I am satisfied that on a failure of the appellant to enter and prosecute his appeal, the appeal may be pronounced to be deserted, and the principal cause remitted to the court below for final proceedings; and in such case the taxation of the costs may be retained in the circuit court, or directed to be made in the court below; or the appellant may produce the record and have the principal cause retained here, and, upon a hearing ex parte, claim an affirmation of the original decree, with costs. The appellant may therefore elect to proceed as he may deem most for his interest. I understand that an affirmation of the decree, in cases like the present, has been an unquestionable practice of this court.

Decree affirmed, with costs.