## Case No. 7,279.

JENKS v. LEWIS.

[3 Mason, 503.] [1]

Circuit Court, D. Maine. May Term, 1825.

Mr. Davis, for libellant.
Mr. Longfellow, for respondent.

STORY, Circuit Justice. The general jurisdiction of the district court, as a court of admiralty, to entertain suits of this nature, is not contested; and, in my judgment, is not to be doubted. It is strictly a case of tort done on the high seas; and the jurisdiction of the admiralty over such torts has never been denied by the courts of common law; and it falls directly within the words of the statute of 13 Rich. II. c. 5, as "a thing done upon the sea." De Lovio v. Boit [Case No. 3,776]. The jurisdiction has been recognised and acted upon of late years in the high court of admiralty. The Ruckers, 4 C. Rob. Adm. 73; The Lowther Castle [1 Hagg. Adm. 384]. The difficulty in the cause arises altogether from a different source. The judiciary act of 1789, c. 20, § 21 [1 Stat. 83], allowed appeals from the district court "in causes of admiralty and maritime jurisdiction, where the matter in dispute exceeds the sum or value of three hundred dollars, exclusive of costs." By the act of 1803, c. 93 [2 Story's Laws, 905 (2 Stat. 244)], the right of appeal was given where the sum or value exceeds fifty dollars. In the case before the court no ad damnum is laid, and no particular sum claimed, so that the court cannot say what in reality is the sum or value in dispute. It cannot for this purpose look into the evidence, and thus ascertain what damages ought to be given upon the whole case, for that would be to exercise the entire appellate jurisdiction.

It is suggested, that in the admiralty there is no necessity to aver any ad damnum. I rather doubt that. My impression always

[1] [Reported by William P. Mason, Esq.]

has been, that such is the formal mode of proceeding in all cases of personal torts. The fourth title in Clerk's Praxis, which stated, that, at the foot of the warrant, a sum is stated as (Actio £500) refers only to the sum for which bail is to be taken upon the arrest. In England the warrant precedes the libel; and the very naming of a particular sum in the warrant shows, that the party asserts some definite claim "summa in quâ actio sit instituta." In our courts the libel precedes the warrant, and indeed is the foundation of it; and even in England, I apprehend, the libel always states an ad damnum of a specific sum. 4 C. Rob. Adm. 73, note 1; The Lowther Castle [supra]. But whatever may be the practice in the English admiralty, it cannot govern in a case depending upon our own statutes. In England, the appellate jurisdiction does not depend upon the sum or value in controversy. The appellate courts have general jurisdiction. It is otherwise here, for the appeal is limited by the sum or value in controversy. Now it appears to me, that no appeal can be sustained, in point of jurisdiction, by the circuit court, unless it is clearly shown, that the matter exceeds fifty dollars. Non constat, that this libellant ever claimed so much. The court cannot intend it; and having omitted to make a definite claim, I am of opinion, that the appeal must be dismissed. Appeal dismissed.