reform by the chief executive, unless such acts depend upon his discretion, and come within his executive duties, they are utterly null and void. They can vest no right, nor afford any ground of justification; much less can they divest private interests—interests which have been acquired under the laws of the country. It is difficult to perceive under what pretence this power was attempted to be exercised by Gen. Jackson. He had the same power as his predecessor, and no greater. The executive function having been exercised on the subject, the power is exhausted. And this is especially the case, where the interest of a third party is involved. Under no notion that the power had been injudiciously exercised by Mr. Adams, or that Pierre Moran had not made a good bargain, or on any other pretext, had Gen. Jackson any right to annul the permission granted. There is, indeed, one ground, and only one, on which this act might be placed, and that is, that it had been inadvertently done without a knowledge of the act of his predecessor. But such a supposition can not arise, as, by the indorsement of Gen. Jackson upon the deed of Beardsley, it seems he had a full knowledge, not only of prior permission to convey, but that, under it, a conveyance had been executed. Indeed, evidence of this remained on file in the general land office. This act of Gen. Jackson can not be placed upon a supposed fraud by Godfrey, in obtaining a conveyance from Moran. If fraud existed, the courts were open to investigate it, as between Moran and his grantee. It was not a matter which the executive could try. Besides, fraud is not to be presumed. That it may be established by ex parte evidence, on inquiry by the executive, and the rights of a party annulled, without notice, would be a principle as new in the law of evidence, as it would be singular as a rule of property. A question is also raised, whether the deed of Moran to Godfrey, never having been acknowledged and recorded within the state of Indiana, as the law requires, can be treated as an operative conveyance. The power of the state is undoubted, in regulating the mode in which real property within it shall be transferred, either by deed or operation of law. Under the statute, the acknowledgment and recording of the deed operates as notice, but is not necessary to its validity.

HOLMAN, District Judge (charging jury). First. That fraud is never to be presumed, but may be proved by circumstances; that, to infer fraud from inadequacy of consideration, it must be so great as to strike any one at once; that, from some of the witnesses, it would seem, the consideration paid, and agreed to be paid by Godfrey to Moran, was the full value of the land, under the circumstances which then existed. Second. That, if the jury believe that Beardsley had notice of the existence of Godfrey's claim, at the time he received his conveyance, or before he paid the consideration, the defendant could not be protected as an innocent purchaser, for a valuable consideration, without notice. Third. That the evidence identifying the land was sufficient, if it showed the situation of the premises, so that they could be distinguished from other tracts of land. That this is a good description in a deed, and, also, in an action of ejectment. Fourth. That, in the opinion of the court, there was no evidence that the one hundred and twelve dollars had been paid to Godfrey, as required by the indorsement on the deed of Beardsley by Gen. Jackson.

The jury, having been out a part of two days, returned into court, and, declaring that they could never agree, the court discharged them, and continued the cause.

GODFREY (CONTEE v.). See Case No. 3,-140.

## Case No. 5,498.
### GODFREY v. GILMARTIN.
#### [2 Blatchf. 340.] 1
Circuit Court, S. D. New York. Oct. 15, 1851.

ADMIRALTY APPEALS—JURISDICTIONAL AMOUNT—INTEREST—AFFIRMANCE—COSTS.

1. Where an action in personam is brought in the district court, in admiralty, on a money demand amounting to less than $50, but the libellant's claim, with interest, amounts to more than $50 at the time the decree is made by the district court, and he has a decree in that court for more than $50, an appeal lies to this court from such decree.

2. On such appeal, the action becomes a plenary suit in this court, and, if the decree is affirmed by this court with costs, full costs of this court may be taxed.

This was an appeal [by Jonathan Godfrey] from the clerk's taxation of costs. The suit was an action in personam, brought in admiralty, in the district court, on a money demand amounting to less than $50. The libellant's claim, with interest, amounted to more than $50 at the time the decree was made by the district court, and he had a decree in that court for more than $50. After this court had, on appeal, affirmed the decree with costs, the clerk taxed full costs of this court against the respondent [Daniel Gilmartin], from which taxation he appealed.

THE COURT held that the case was one in which an appeal was allowed by law, and that, on the appeal, the action became a plenary suit in this court and carried full costs of this court.

GODFREY (MORSE v.). See Case No. 9,-856.

GODLEY (UNITED STATES v.). See Case No. 15,221.

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]