## Case No. 14,766.

### UNITED STATES v. CERTAIN HOGS-HEADS OF MOLASSES.

[1 Curt. 276.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1852.

APPEAL — TERM — CUSTOMS DUTIES — EVIDENCE OF DUTIES NOT PAID.

1. An appeal from the district court is properly entered at the term of the circuit court, begun next after the entry of the decree in the district court, although the term of the district court, during which the degree was entered, had not been ended when the term of the circuit court was begun.

[Cited in U. S. v. The Glamorgan. Case No. 15,214; The Major Barbour, Id. 8.984; The Oriental, Id. 10,578.]

2. If an entry does not contain a part of the goods consigned by the same invoice and bill of lading, it is primā facie evidence that the duties have not been paid.

[Appeal from the district court of the United States for the district of Massachusetts.]

This was a motion to dismiss an appeal from a decree of the district court on an information in the admiralty for the reason that the term of the district court at which the decree was entered had not ended when the term of the circuit court, at which the appeal was entered, was begun.

Mr. Lunt, U. S. Dist. Atty.

Mr. Bell, for claimant.

CURTIS, Circuit Justice. The question depends upon the construction of the twenty-first section of the judiciary act [1 Stat. 83], for although the act of March 3, 1803 [2 Stat. 244], also gave an appeal from the district to the circuit court, yet it has been held by the supreme court (U. S. v. Nourse, 6 Pet. [31 U. S.] 496), that the act made no change in respect to such appeals, except to reduce the necessary sum from three hundred dollars to forty dollars.

In The Montgomery v. The Betsey [Case No. 9,734], Mr. Justice Story says the appeal should be to the circuit court held next after pronouncing the decree. The precise point was not before him for adjudication, but on examining the language of this section of the judiciary act, and especially the proviso, it is quite clear his interpretation was correct. Motion overruled.

The appeal having been heard on its merits, the following opinion was pronounced by

CURTIS, Circuit Justice. The district attorney having filed an ex officio information in the admiralty against this property, founded on the sixty-eighth section of the collection act of March 2, 1799 (1 Stat. 677), the district court decreed a forfeiture, and the claimant appealed. That section provides, that any merchandise, subject to duty, and on which the duty shall not be paid, or secured to be

paid, which shall be concealed in any vessel or other place, shall be forfeited. The first question is, whether this merchandise was concealed, within the meaning of the act. I am of opinion it was. It did not appear on the manifest, or invoice of the cargo. It was not entered at the custom-house, or in any manner made known to the collector, or any officer of the customs, by the consignee or master; nor did the consignee at any time manifest any intention to enter it, or to correct any mistake in his entry of the residue of the cargo. He gave to the stevedore, whom he employed to discharge the cargo, directions to discharge only one hundred and eighty-three casks, the amount entered for duties, and no more, and to go down to the skin, leaving the residue in the ends of the vessel, and when this amount had been discharged the hatches were put on as if the cargo had been all out. I am satisfied the consignee knew the invoice did not contain all the molasses, before the discharge of the cargo was commenced, and there is much reason to believe that part was omitted by his own express direction to the consignor; yet, instead of making, or taking any step to make a port entry, he gives directions to leave the residue of the cargo in the ends of the vessel, has the hatches replaced, and the vessel is about to be warped to the flats, for the purpose of scraping her bottom, as if her discharge had been completed, when she is stopped by an officer of the customs.

Several points have been taken in behalf of the claimant. First, it is said a seizure is necessary, and none is proved. It is not necessary to decide whether an actual seizure by an officer of the customs is one of the prerequisites of a forfeiture under this section, because, in this case, such a seizure is admitted by the answer which avers it was made without probable cause.

It is further argued that it does not appear that the goods were dutiable, or if so, that the duties had not been paid, or secured to be paid. That molasses imported from Porto Rico was dutiable, is known to the court as matter of law The claimant entered for duties 183 casks, as imported from that island in this vessel. These 183 casks must have been put on board after the residue, from their place of stowage. It is therefore a fair, not to say necessary presumption, that the whole was on board of the vessel when it sailed from Ponce, and was brought from thence; and if so, the presumption is. it was there shipped. and was the produce of that island, and the burden is on the claimant to prove the contrary. Of this there is neither proof nor the slightest probability. The information properly contains the negative allegation, that the duties had not been paid, or secured to be paid, on these goods, and it must be supported by the requisite prima facie evidence. The entry made by the claimant is produced, and it covers only the 183 hogsheads. This is sufficient prima facie evidence that he had not

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

paid or secured the duties on the residue, for he could do neither without entering them.

It is further urged that it does not appear that the goods seized were not part of the 183 casks entered, and on which duties were paid. But it does appear, that those seized were what were left in the vessel after 183 casks had been discharged; and the claimant having entered for duty that number of casks, and regularly discharged that number under the inspection of the officers of the customs, as being the merchandise entered by him, it is too late for him now to suggest that what he so landed was not entered, and what he concealed on board was entered. Let the decree of the district court be affirmed, with costs.