## Case No. 9,436.

### The MERCHANT.

### [4 Blatchf. 105.] [1]

Circuit Court, S. D. New York. Sept. 25, 1857.

APPEAL—LIBEL DISMISSED—FOR WANT OF PROSECUTION—FINAL DECREE—REMEDY.

1. No appeal lies to this court from a decree of a district court, in admiralty, dismissing a libel in rem for want of prosecution.
[Followed in The Delaware, 33 Fed. 589.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. Such a decree is not final, or conclusive of the subject-matter of the litigation between the parties.

3. The remedy of the aggrieved party is to bring a fresh suit.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel of information, in rem, filed in the district court, by the United States, against the schooner Merchant and her cargo, to forfeit them, on the ground that the vessel was fitted out and equipped with the intent to engage in the slave trade. It was filed on the 21st of April, 1857, and the vessel and cargo were taken into the custody of the marshal, on the 23d of the same month. Vincent Beiro intervened, and claimed title to the cargo, and put in an answer to the libel. Thomas Carlin also intervened, claiming title to the vessel, and put in an answer. On the 12th of May, the proctor for the libellants obtained an order for leave to amend the libel. This amendment was filed on the 21st of the same month. The cause was placed on the calendar, and, at a stated term of the district court, held on the 5th of June, it was called in its order for hearing, by the proctors for the claimants. The proctor for the libellants declining to proceed in the cause, his default was entered, and the libel was dismissed. The proctor for the libellants, however, stipulating that he would proceed and try the cause on the next Wednesday, and that, in case of failure, a decree dismissing the libel might be entered, and the proctors for the claimants consenting, the cause was ordered to be restored to its place on the calendar. At a stated term of the court, held on the 18th of June, the cause was again regularly called on the calendar for hearing by the proctors for the claimants. The proctor for the libellants again declined to proceed, and moved a postponement, which motion was resisted. The court refused to postpone the cause, and an order was entered, agreeably to the terms of the previous order dismissing the libel for want of prosecution. [Case unreported.] Thereupon an appeal was taken to this court by the libellants. A motion was now made by the proctors for the claimants to dismiss the appeal for want of jurisdiction, upon the ground that the order or decree of the court below dismissing the libel, was not a final decree.

John McKeon, Dist. Atty., for libellants.
Charles Donohue, for claimants.

NELSON, Circuit Justice. By the 39th rule of the supreme court, in admiralty, it is provided, that if, in any admiralty suit, the libellant shall not appear and prosecute his suit according to the course and orders of the court, he shall be deemed in default and contumacy, and the court may, upon the application of the defendant, pronounce the suit to be deserted, and the same may be dis-

missed, with costs; and, by the 40th rule, that the court may, in its discretion, upon the motion of the defendant and the payment of costs, rescind the decree in any suit in which the decree may have been against the libellant for contumacy and default, and grant a rehearing, at any time within ten days after the decree has been entered, the defendant submitting to such further orders and terms as the court may direct. The proceedings in the court below, in this case, on the refusal of the proctor for the libellants to prosecute his suit, were, as I understand them, taken, substantially, in accordance with the practice prescribed by the 39th rule, and are analogous to those in a common law court, where the plaintiff is non-prossed for not prosecuting a cause there, as required by the rules and practice of that court. The decree or judgment in such cases is not a final decree, and is not the subject of an appeal or writ of error, unless such a review is specially provided for by law. The remedy of the party, if he fails to procure the order of dismissal to be set aside, and the cause to be reinstated in court, is to bring a fresh suit. The order or decree of dismissal is not final, or conclusive of the subject-matter of the litigation between the parties.

In the case before me, if I should entertain the appeal and reverse the order of the court dismissing the libel, I could not remit the proceedings to the court below, and direct that court to proceed in the cause, as I possess no such power; and, if I should retain the cause, and undertake to hear it in this court, I should be usurping the jurisdiction of the district court, which has exclusive original cognizance in all such cases. It would be purely the exercise of original jurisdiction in a case in admiralty. I am satisfied, therefore, that I have no jurisdiction in the case, and that the appeal must be dismissed.