_____

## Case No. 18,192.

### The YUBA.

[4 Blatchf. 314.] [1]

Circuit Court, S. D. New York. May 5, 1859.

RIGHT OF APPEAL—PROVISIONAL DECREE—REFERENCE TO COMMISSIONER.

Where, on a libel in rem, in the district court, against a vessel, on a bottomry bond for $9,240, that court made a provisional decree in favor of the libellant, for $4,000, with interest and

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

costs, with liberty to either party, within 20 days, to take an order of reference to a commissioner to ascertain and report the amount of the sums composing the bottomry debt, and what portions thereof had been previously a lien upon the vessel, and, on the coming in of the report, either party to be at liberty to move the court to frame the decree in correspondence therewith, and the libellant appealed to this court from that decree, but no other steps were taken by either party in the court below, subsequently to the entry of the decree, held, that the decree was not a final decree from which an appeal would lie to this court.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court against the barque Yuba, to recover the amount due on a bottomry bond for $9,240, given by her master at New Orleans, for money required to repair her, she having put into that port in distress. The district court made a provisional decree in favor of the libellants, for $4,000, with interest and costs, with liberty to either party, within twenty days, to take an order of reference to a commissioner, to ascertain and report the amount of the sums composing the bottomry debt, and what portions thereof had been previously a lien upon the vessel, and, on the coming in of the report, either party to be at liberty to move the court to frame the decree in correspondence therewith. [Case No. 11,920.] The libellant appealed to this court from that decree, but no other steps were taken by either party in the court below, subsequently to the entry of the decree.

Francis R. Coudert, for libellant.

Welcome R. Beebe and Charles Donohue, for claimant.

NELSON, Circuit Justice. It is manifest, from the form of the decree in this case, that it was not intended to be final. A gross sum is stated provisionally, subject to be modified by the court on the coming in of the report of the commissioner as to the portions of the bottomry debt that were liens on the vessel. Obviously, till this fact was ascertained the true amount for which the ship was liable under the bond could not be determined. The $4,000 fixed seems to have been a formal sum, with a view to the reference and the ascertaining of specific data from which the proper amount might be inserted in the final decree. But, even if this is not the fair construction of the legal effect of the decree, and the reference was left to the election of either party, the record should have shown the neglect or refusal of the claimant to take action in regard to a reference, and the entry of a final decree.

There being no final decree in the case in the court below, the court has no jurisdiction to revise the action of that court, and the appeal must, therefore, be dismissed.

[NOTE. Subsequently the district court dismissed the libel. Case unreported. The libellant again appealed to this court, where the decree of the district court was reversed. Case No. 18,193.]