Mr. Justice GRIER.
 

 When this case came before us on a
 
 *540
 
 former occasion (see 22 How., 380,) the decree of the Circuit Court dismissing the bill was-reversed, and the record remanded, with instructions to that Court to enter a decree for the complainants against the respondents, severally, for such amount as should appear was due and unpaid by each of them on their several shares of .the capital stock of the Knox Insurance Company, and to have such other and further proceedings as to justice and right might appertain.
 

 At the May Term, 1860, of the Circuit Court, a decree was entered, in conformity with the judgment of this Court, ascertaining the amount of the judgments, due by the Insurance Company to the several complainants, and the several amounts due by each of the stockholders, respondents to the company. v At the next November Term divers other creditors of the Company filed their petitions, setting forth that they also had become judgment creditors of the Company, and praying to be made parties to the bill, and suggesting that there were other persons indebted to the Company
 
 “
 
 whose indebtedness ought to be paid for the benefit of the petitioners; ” that the amount found to be due from those against whom a decree has already been rendered was insufficient to liquidate the claims of the petitioners and other parties entitled to participate in the distribution of said funds; and praying that a Receiver might be appointed to receive and collect from the persons so indebted the amounts due by them, respectively, &c., &c. The Court then appointed a .Receiver, according to the request of petitioners. But before the funds of the Company were collected, on the 7th of December, the Court entered a decree that all the moneys recovered or to be recovered under the decree made at last term be distributed among the original complainants and
 
 the several persons
 
 who had- filed their petitions, praying to be made parties, complainants, &c., &c., and appointing a Master to state an account, &c.
 

 The appellants contend that this decree is erroneous and unjust to the original petitioners. This may possibly be found to be true wl¡ en the proper time comes to have it reviewed. But the appeal as well as the decree, is premature. There is no final
 
 *541
 
 decree in the case. After the assets are all collected by the Receiver, so that the Master may ascertain the amount to be distributed, the question now proposed will be properly raised, and decided on exceptions to the Master’s report. That repon should state the amount of assets to be distributed/ the amount collected from the original defendants, also the
 
 other amounts
 
 collected by the Receiver from persons not in the decree; whether the amounts collected from the parties respondent are sufficient to pay each of the original parties complainant? if not, how much to each; how much other assets have been collected by the receiver, and how much would be coming to each creditor on the hypothesis that all the assets are to be divided among all the creditors equally.
 

 With these facts ascertained, the Court will be in a condition to make a final decree, which can be reviewed by this Court but not till then.
 

 The appeal is therefore premature, and must be dismissed.