## Case No. 15,119.

### UNITED STATES v. FIVE THOUSAND ONE HUNDRED DOLLARS IN SPECIE.

[1 Woods, 14.] [1]

Circuit Court, D. Lousiana. April Term, 1870.

APPEAL—ADMIRALTY—TERMS OF COURT.

An appeal in a case of admiralty and maritime jurisdiction not taken to the next term of the circuit court after the rendition of the decree in the district court will be dismissed.

[Cited in The Chatham. 3 C. C. A. 161, 52 Fed. 397.]

Appeal from the district court of the United States for the district of Louisiana.

The specie in this case was seized upon water and within the admiralty and maritime jurisdiction of the district court. The court below having decreed in favor of claimant [case unreported], the United States appealed to this court. Thereupon a motion was made by claimant to dismiss the appeal.

Jos. P. Horner and W. S. Benedict, for the motion.

Alanson B. Long, U. S. Atty., contra.

WOODS, Circuit Judge. In this case, a motion to dismiss the appeal is made upon the ground that the appeal was not taken to the next circuit court of the United States, held within the district after the rendition of the decree. The record shows that the decree in favor of the defendant was signed on January 30, 1864. The law and records of this court show that the next circuit court for the district was held on the 25th of April, 1864.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

An appeal was prayed and allowed on May 13, 1864, returnable on the first Monday of November, 1864, and the record was filed in this court on October 12, 1864. The law says that appeals are allowed from final decrees in the district court, in cases of admiralty and maritime jurisdiction, to the next circuit court to be held in the district. 1 Stat. 83. This appeal was not taken to the next circuit court after the rendition of the decree, but one entire term of the circuit court was allowed to pass over, and the appeal was taken to the next following term. The causes referred to in the brief of appellee show that it is the practice of the circuit courts to dismiss appeals when not taken to the next circuit court. This practice is founded upon the statute, and seems to be in conformity with the policy of the law in cases of admiralty and maritime jurisdiction. That policy requires speedy administration of justice, and discourages delay. The statute says the appeal may be taken to the next circuit court, it authorizes an appeal to no other term. If we were authorized to depart from the wise rule laid down by the act of congress, there would be no limit to the delay which would follow in this class of cases. Because, therefore, the appeal was not taken to the next term of the circuit court held in the district after the rendition of the decree, the appeal must be dismissed.