## Case No. 16,467.

### UNITED STATES v THIRTY-SEVEN BARRELS OF RUM.

[1 Woods, 19.] [1]

Circuit Court, D. Louisiana. April Term, 1870.

APPEAL AND WRIT OF ERROR — INFORMATIONS OF FORFEITURE—SEIZURES ON LAND.

1. When property is seized upon land and libelled as forfeited to the United States for

violation of the revenue laws, the case belongs to the common law side of the court, and can only be reviewed by writ of error.

2. When such a case is appealed, the appeal will be dismissed.

This case was a seizure of property upon land for violation of the revenue laws. It was brought from the district court into this court by appeal, and was heard at the April term, 1870, on motion to dismiss the appeal.

A. B. Long, U. S. Atty.
J. R. Beckwith, for claimant.

WOODS, Circuit Judge. In this case a motion is made to dismiss the appeal on the single ground that the judgment appealed from was rendered on the common law side of the district court, and that it cannot be brought up for revision by appeal. The act of congress regulating errors and appeals from the district to the circuit court, provides: (1) That from final decrees in a district court in causes of admiralty and maritime jurisdiction, when the matter in dispute exceeds $300, exclusive of costs, an appeal shall be allowed to the next circuit court to be held in such district; and (2) that final decrees and judgments in civil actions in a district court when the matter in dispute exceeds the value of fifty dollars, exclusive of costs, may be re-examined, reversed and affirmed in a circuit court holden in the same district by a writ of error. These are the provisions of the judicial act (sections 21, 22, 1 Stat. 83, 84), and they remain the law today, except in this particular, that by the act of March 3, 1803, an appeal is allowed when the matter in dispute exceeds the sum or value of $50, exclusive of costs. By the terms of the law and by the construction put thereon by the decisions of the courts, appeals from the district to the circuit court are limited to cases of admiralty and maritime jurisdiction; all other cases are reviewed by writ of error. U. S. v. Haynes [Case No. 15,335]; U. S. v. Wonson [Id. 16,750]. An appeal is not allowed by the common law, nor is it a matter of right. When a party has had his cause adjudicated by a court of competent jurisdiction, that adjudication is final unless the statute gives an appeal, and where the statute fails to do this, the right of appeal does not exist. This case was a seizure made upon land. This fact is conclusive of the character of the action. Whatever it may be, it is not a case of admiralty or maritime jurisdiction, and no matter what form the proceedings take, the nature of the action is not changed. This case is a civil cause in the nature of a qui tam action, and is prosecuted on the law side of the court, and by the terms of the statute it must be brought up by writ of error and not by appeal.

For the reason therefor stated in the motion to dismiss the appeal, the motion is sustained, and the appeal dismissed.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]