## NORTON v. HOOD and others.*

*(Circuit Court, E. D. Louisiana. May, 1882.)*

1. APPEAL—REV. ST. § 631.

    An appeal from the district court to the circuit court only lies, under section 631 of the Revised Statutes of the United States, when the decree of the former court is final.

2. APPEAL—INJUNCTION.

    The granting or refusal of an injunction is in the discretion of the court, and such interlocutory orders are not appealable.

On Motion to Dismiss the Appeal.

*E. H. Farrar, John D. Rouse,* and *Wm. Grant,* for complainant.

*John A. Campbell* and *H. G. Morgan,* for defendant.

PARDEE, C. J. In this case a motion has been filed to dismiss the appeal for want of jurisdiction, for the reason that the decree of the district court is not final. Rev. St. § 631. The record shows that in 1866 one Govey Hood, being the owner of certain plantations, confessed judgment in favor of Henry Frellson for a large sum; that on the judgment so confessed execution was taken out, and in 1868, in September, the plantations were sold by the sheriff and adjudicated to Frellson as the purchaser; that in December, 1868, Hood went into bankruptcy and was discharged therein, January, 1871; that after Hood's discharge in bankruptcy Frellson conveyed, by act of sale, certain of the plantations to Hood, retaining a mortgage thereon and vendor's lien to secure the payment of the notes given for the purchase price, running through several years. The said notes being unpaid and Hood in default, the said Henry Frellson, in 1874, sued out in the [state] *district court of Carroll parish* executory process to enforce the mortgage on the lands in the parish. Hood obtained an injunction and a controversy ensued, which was terminated by its dismissal in the supreme court of the state in May, 1879. *Frellson* v. *Hood,* 31 La. Ann. 577.

The supreme court dismissed Hood's petition for its demerits. He charged Frellson and himself as fraudulent conspirators to defraud the creditors of Hood, and that all they had done had been done with that object. His allegations of his own turpitude debarred him from a hearing, and condemned him and his pretensions, as is seen by the judgment of that court. Some weeks after this, Norton, the assignee in bankruptcy of Hood, filed a bill in the district court of the same

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

general features as the suit of Hood, and asking for a decree. Upon this bill the district judge granted an order to show cause why an injunction should not issue, and made a restraining order upon Frellson and the sheriff of Carroll parish, to operate pending the hearing for injunction, not to sell under the executory process issued in that court in 1874, and which Hood had enjoined, and which was then ripe for execution by the sheriff upon the dismissing of the injunction of Hood by the supreme court. The rule for an injunction was never heard, and the restraining order was continued until the decree appealed from was made. The suit in the district court of the United States came on for a hearing in 1881 on the bill, supplemental bill, answer of Frellson, replication, exhibits, and testimony. The decree rendered was to the following effect:

(1) Declaring the judgment in favor of Frellson against Hood in 1866, and the execution thereon in 1868, with the sales and conveyances by the sheriff, to have been established as valid and operative, without fraud, etc., and that Frellson took the property so conveyed discharged from any claim of Hood's assignee in bankruptcy. (2) Whatever surplus there might be from the sale of the property under the process of the state court in favor of Frellson should not be paid to Hood, but to Hood's assignee, after deducting such cost as the court may decree out of the same. (3) That the injunction heretofore allowed restraining the execution of the process be dismissed, and that the sheriff is permitted to proceed and execute the same; but, under the direction of this court, to dispose of the surplus that may remain in his hands after the payment of the debt therein specified as due to said Frellson and costs of suit as above directed. (4) Granting leave to complainant to apply for further orders regulating the sale in time and as to the appraisement, and sale upon credit, according to the laws of the state of Louisiana. (5) Directing the sheriff to make a return to the district court of the sale allowed, and reserving the question of costs until the coming in of such returns.

From this decree the complainant has taken a general appeal, bringing up the whole case.

A critical examination shows the court decided only (1) the validity of the mortgages, sales, and conveyances from Hood to Frellson prior to the bankruptcy of Hood; (2) partly refusing and partly granting the injunction *pendente lite* prayed for; and to that extent dismissing the restraining order.

The court did not decree anything (1) with regard to the validity of the mortgage from Hood to Frellson, granted after Hood's discharge in bankruptcy, which mortgage Frellson was foreclosing in the state court; (2) nor anything for or against Hood or the sheriff, both of whom are evidently retained in court for a final decree; (3) nor was the bill dismissed, nor the costs settled, nor any sale of property

ordered or enjoined. In short, it appears to me that the sole effect of the decree rendered was to refuse to grant the injunction prayed for, restraining the sheriff from executing the process of the district court of Carroll parish, for which refusal the court gave a reason, not that the court was without jurisdiction, but the better one, perhaps, that Frellson was not shown to have been guilty of fraud in acquiring the original title to the property in controversy.

The court had no jurisdiction to issue the injunction. See sections 720, 5106, Rev. St.

The issue of an injunction or the dissolution of an injunction is in the sound discretion of the court, and the interlocutory orders of the court therein are not appealable. *Thomas* v. *Wooldrige,* 23 Wall. 288; *Young* v.*Grundy,* 6 Cranch, 51; *Verden* v.*Coleman,* 18 How. 86; *Moses* v. *The Mayor,* 15 Wall. 390.

Of course, the whole contention in this case is whether the decree appealed from is final. There can be no claim that it is final between any other parties than Norton and Frellson, and it will be noticed that no special appeal is taken, but the whole case is appealed. Counsel for appellants rely upon the cases of *Forgay* v. *Conrad,* 6 How. 206, and *Thomson* v. *Dean,* 7 Wall. 342, which hold as follows:

" Where the decree decides the right to the property in contest, and directs it to be delivered up or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that *extent,* although it may be necessary by a further decree to adjust the account between the parties."

Giving the decree in this case the greatest effect it can possibly have,—and perhaps it decides against the complainant as to the validity of Frellson's original title to the property in controversy, but it does not direct the property to be delivered up, nor to be sold,—and there is nothing in the decree to be executed immediately or remotely, not even *fi. fa.* for costs. The other cases cited by appellant's counsel (*Railroad Co.* v. *Bradleys,* 7 Wall. 575; *Stovall* v. *Banks,* 10 Wall. 583; *Com'rs* v. *Lucas,* 93 U. S. 108; and *Huntington* v. *Consolidated Association,* not reported) are cases in which the several decrees rendered were held to be such final decrees that an appeal would lie, and are within the rule of *Forgay* v. *Conrad.* In *Railroad Co.* v. *Bradleys* the decree directed a sale of property, and the bringing of the proceeds into court, as well as dissolved the injunction outstanding. In *Stovall* v. *Banks* the decree appealed from adjudged a certain sum of money to be due, and awarded execution. In *Com'rs* v. *Lucas* an injunction was dissolved and the complaint dismissed.

In *Huntington* v. *Consolidated Association* receivers were discharged, and property ordered to be transferred and delivered up to defendants. It is easily seen that none of these cases affect the case under consideration.

On the other hand, in *Crosby* v. *Buchanan,* 23 Wall. 420, it is said:

"Cases cannot be brought to this court in parcels. We must have the whole case or none. The court below must settle all the merits before we can accept jurisdiction. Appeals will lie, as has been frequently held, when nothing remains to be done except to enforce and give effect to what has been decreed; but until all the rights of the parties have been finally passed upon and settled, this cannot be the condition of a cause. Nothing must be left below when an appeal is taken but to execute the decree."

See, also, *Beebe* v. *Russell,* 19 How. 287; *Montgomery* v. *Anderson,* 21 How. 386; *Ogilvie* v. *Knox Ins. Co.* 2 Black, 539; *Humiston* v. *Stainthorp,* 2 Wall. 106; *Wheeler* v. *Harris,* 13 Wall, 51; *Green* v. *Fisk,* 103 U. S. 518.

Appellants' counsel urge that the decree in this case finally disposes of Hood's rights. I can not so understand it. The decree refuses to enjoin the process sued out by Frellson against Hood in the state court, but leaves it optional with the parties to go on with that process. If they do go on and proceed to a sale, the district court will regulate the manner of sale and distribute the surplus proceeds. Suppose Frellson and Hood settle their differences, either by Frellson taking the property in payment or by Hood's paying the mortgage, or any other arrangement is made outside of a sale, under a particular order of seizure and sale, how are Hood's rights affected?

To recapitulate : the decree appealed from does not condemn any one to pay any money, direct the sale or delivery of any property, fix any person's liability for money or property, order the performance or non-performance of any act, dismiss the complainant's bills, nor determine the costs. It is a decree with nothing to execute, and from its many directions and reservations was probably not intended as a final decree settling the rights of the parties. From the standpoint of irreparable injury the decree is not final.

It is therefore ordered that the appeal in this case be and the same is dismissed, with costs.

Note. To authorize an appeal under section 631, Rev. St., the decree must be a final decree, (*Mordecai* v. *Lindsay*, 19 How. 199; *The Seneca*, Gilp. 34;) and final decrees refer to cases of equity and admiralty or maritime jurisdiction exclusively, (*U. S.* v. *Nourse*, 6 Pet. 470.) So no appeal lies from a judgment in an action on an official bond, (*U. S.* v. *Haynes*, 3 McLean, 155;) nor from a proceeding to condemn property seized on land for a violation of the revenue laws, (*U. S.* v. *Barrels*, 1 Woods, 19.) If there are two decrees, one declaring to whom a fund belongs and the other declaring the amount due, and appropriating the fund, the latter is the final decree, (*Cushing* v. *Laird*, 15 Blatchf. 219.) So an appeal lies from a decree upon a petition by an informer to obtain a share of a fund in court, (*Westcol* v. *Bradford*, 4 Wash. C. C. 492;) or from a decree on an information *in rem* to enforce a forfeiture, (*U. S.* v. *La Vengeance*, 3 Dall. 297.) The circuit court will not entertain an appeal from a *pro forma* decree entered without a hearing, (*The Wellington*, 21 Int. Rev. Rec. 14;) nor a provisional decree, (*The Yuba*, 4 Blatchf. 314;) nor an interlocutory decree, (*The New England*, 3 Sumn. 195.) An application to the conscience and discretion of the court is not the legitimate subject of an appeal. *The Enterprise*, 3 Wall. Jr. 58. So an appeal cannot be taken from a final decree on an application for an injunction, (*U. S.* v. *Nourse*, 6 Pet. 470; contra, *Porter* v. *U. S.* 2 Paine, 313;) or for a decree dismissing a libel for want of prosecution, (*The Merchant*, 4 Blatchf. 105;) or for a refusal to quash an execution, (*The Hiram Wood*, 6 Chi. Leg. News, 135;) or on an application for a stay of execution, (*The Hollen*, 1 Mason, 431;) or an application for a rehearing, (*The Enterprise*, 3 Wall. Jr. 58;) or for an allowance or disallowance of a bill of review, (*The New England*, 3 Sumn. 495;) or on an application to allow an appeal *nunc pro tunc*, (*The Enterprise*, 3 Wall. Jr. 58.)

To authorize an appeal to the circuit court the amount in dispute must exceed the value of $50, exclusive of costs. *The Seneca*, Gilp. 34. So, in salvage cases, (*The Roarer*, 1 Blatchf. 1,) if the claim, with interest, amounts to more than $50, appeal lies from the decree, (*Godfrey* v. *Gilmartin*, 2 Blatchf. 340.) When the controversy relates merely to the amount of money, the amount in dispute must appear in the pleadings, (*Agnew* v. *Dorman*, Taney, 386;) and if libellant admits that the real demand is for less than the sum limited, while the claim in the libel is for more than that amount, the libellant will be subjected to the infliction of costs, (*McGinnis* v. *Carlton*, 1 Abb. Adm. 570;) and if he acquiesces in a decree for less than $50 the respondent cannot appeal although a larger sum was claimed, (*Greigg* v. *Reade*, Crabbe, 64; *Shirley* v. *Titus*, 1 Sumn. 147;) and the libellant may appeal from an amount above the limited sum, whatever be the recovery, (*McGinnis* v. *Carlton*, 1 Abb. Adm. 570;) but if he is not entitled to any decree, appeal will not lie to a decree refusing him costs, (*Taylor* v. *Woods*, 3 Woods, 146.) If a libel for assault and battery does not lay any amount as *ad damnum* the libellant cannot appeal from a decree in his favor for a sum less than $50. *Jenks* v. *Lewis*, 3 Mason, 503.

The appeal must be taken to the next term of the circuit court after rendition of the decree. *U. S.* v. *Hogsheads*, 1 Curt. 276; *The Hollen*, 1 Mason, 431; *Gloucester Ins. Co.* v. *Younger*, 2 Curt. 322; *The Oriental*, 9 Chi. Leg. News, 321; *The Glamorgan*, 2 Curt. 236; *U. S.* v. *Specie*, 1 Woods, 14. If appellant

fails to prosecute his appeal to the next term of the circuit court, he will be deemed to have abandoned it, (*The Betsey*, 1 Gall. 416; *U. S.* v. *Haynes*, 2 Mc-Lean, 155;) and the court will, at the instance of the respondent, affirm the judgment, (*Folger* v. *Shaw*, 1 Woods & M. 531;) and the appellee must apply for relief to the circuit and not to the district court, (*The Josephine*, 1 Abb. Adm. 481.)—[ED.